UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                        Case No. 04-CR-148

JUAN ENRIQUE HERNANDEZ,

      Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

On June 22, 2004, the grand jury returned a single-count Indictment against defendant Juan Enrique Hernandez. The Indictment charges Hernandez, as a deported alien previously convicted of an aggravated felony, with having unlawfully reentered the United States without first obtaining the proper consent. 8 U.S.C. § 1326(a)(b)(2). Hernandez filed a motion to dismiss the Indictment, collaterally challenging the deportation that is a prerequisite to the charge. On April 7, 2005, Magistrate Judge Aaron Goodstein issued his recommendation to the court that the motion be denied. Defendant Hernandez filed a timely objection and the government filed a response. The motion is now ripe for decision.

I adopt the recommendation of Magistrate Judge Goodstein and conclude that Hernandez' motion should be denied. In my view, this case is indistinguishable in any significant way from *United States v. Roque-Espinoza*, 338 F.3d 724 (7th Cir. 2003).

In his objections to the magistrate judge's recommendation, Hernandez argues that the magistrate judge misread *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987) to require "a complete deprivation of judicial review" in order for a collateral attack upon a deportation order to be successful. Hernandez argues that this reading is too extreme and a finding that one or more due process violations occurred is sufficient to support such a challenge.

I am satisfied that the magistrate judge correctly enunciated and applied the law of this circuit. In *Roque-Espinoza*, the court made clear that, in order to attack a deportation or removal order collaterally in an unlawful re-entry case, "the defendant must first show that the underlying order was the result of a 'deportation hearing [that] effectively foreclosed his right to direct judicial review of the deportation order,' and then establish that 'the deportation hearing was fundamentally unfair.'" 338 F.3d at 728 (quoting *United States v. Espinoza-Farlo*, 34 F.3d 469, 471 (7th Cir. 1994)). Thus, it is clear that in this circuit, a defendant collaterally attacking a deportation order in a § 1326 case must establish that his right to a direct judicial review was effectively foreclosed.

Here, as the magistrate judge clearly pointed out, the record fails to establish any such element. The transcript reflects that Hernandez, who spoke fluent English at the time, was advised of his right to appeal to a higher court and waived that right. His right to judicial review of the deportation order was clearly not foreclosed.

Hernandez also argues that even if complete deprivation of judicial review is required, the circumstances of his deportation hearing amount to such a complete deprivation. I disagree. The defendant was advised of his right to counsel and even of an avenue of obtaining free counsel. He declined the offer, even when joined with an offer of a continuance to obtain counsel. Under these circumstances, I do not find a violation of the defendant's right to due process of law.

2

For this reason, and for all of the reasons stated in the magistrate judge's recommendation, I conclude that the motion to dismiss should be denied.

**SO ORDERED**.

Dated this   4th   day of May, 2005.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge
